FILED
CLERK, U.S. DISTRICT COURT
07/22/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 8:20-cr-00088-JLS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. §§ 1960(a), (b)(1)(C): Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 1956(a)(3)(B): Laundering of Monetary Instruments; 31 U.S.C. §§ 5318(h), 5322(a): Failure to Maintain an Effective Anti-Money Laundering Program; 18 U.S.C. § 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| KAIS MOHAMMAD, aka "Superman29" and "Herocoin," | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1960(a), (b)(1)(C)]

Beginning in or about January 2015, and continuing until on or about November 20, 2019, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant KAIS MOHAMMAD, also known as "Superman29" and "Herocoin," knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, a virtual currency exchange business, that involved the transportation or transmission

of funds that were known to defendant MOHAMMAD to have been derived from a criminal offense or were intended to be used to promote or support unlawful activity.

COUNT TWO

[18 U.S.C. § 1956(a)(3)(B)]

On or about August 28, 2019, in Orange County, within the Central District of California, defendant KAIS MOHAMMAD, also known as "Superman29" and "Herocoin," with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, foreign transportation for prostitution in violation of Title 18, United States Code, Section 2421, knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by an authorized agent of the United States government to be proceeds of specified unlawful activity, that is, foreign transportation for prostitution, namely, the exchange of $16,000 in United States dollars, for approximately 1.58592 Bitcoin, inclusive of fees (Blockchain transaction ID 131a4c9e37c8722e2506aa00573a0ee8b253eebfbecdc3d4873e1a46ca3ecee9).

COUNT THREE

[31 U.S.C. §§ 5318(h), 5322(a)]

Beginning in or about May 2015, and continuing until in or about November 20, 2019, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant KAIS MOHAMMAD, also known as "Superman29" and "Herocoin," willfully violated the Bank Secrecy Act, Title 31, United States Code, Sections 5318(h) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1022.210(a), by failing to develop, implement, and maintain an effective anti-money laundering program for his virtual currency exchange business.

Specifically, defendant MOHAMMAD willfully failed to implement and maintain effective policies, procedures, and internal controls for: (1) verifying customer identification, in particular as to customers exchanging in excess of $10,000 in currency in a single day as required by the Bank Secrecy Act; (2) filing Currency Transaction Reports for currency transactions in excess of $10,000, conducted by or on behalf of the same person on the same day; and (3) filing Suspicious Activity Reports for transactions over $2,000 involving funds that defendant knew, suspected, or had reason to suspect that the transaction involved use of the money services business to facilitate criminal activity.

Defendant MOHAMMAD took actions designed to prevent the implementation and maintenance of an effective anti-money laundering program, in that he: (1) failed to file currency transaction reports as required for currency transactions exceeding $10,000 that were conducted by or on behalf of the same person on the same day;

(2) failed to file suspicious activity reports for transactions over $2,000 that he knew, suspected, and had reason to suspect that the transaction involved use of his business to facilitate criminal activity, namely, drug trafficking; and (3) operated kiosks by which customers could conduct suspicious virtual currency transactions and transactions exceeding $10,000 in the same day without providing any form of identification.

FORFEITURE ALLEGATION

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in either of Counts One or Two of this Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an

intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve-month period.

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics, Money
  Laundering, and Racketeering Section

PUNEET V. KAKKAR
Assistant United States Attorney
Deputy Chief, International Narcotics, Money
  Laundering, and Racketeering Section